[No. 55107-3.   En Banc.   May 18, 1989.]

THE STATE OF WASHINGTON, *Appellant*, v. RONALD RAY PENNINGTON, *Respondent*.

*Donald C. Brockett, Prosecuting Attorney,* and *Salvatore F. Cozza, Deputy,* for appellant.

*Paul J. Wasson,* for respondent.

DORE, J.—The State of Washington challenges the trial court's reasons for imposing an exceptional sentence under the Sentencing Reform Act of 1981 (SRA). It claims that a drug or alcohol problem, in and of itself, does not supply a justification to declare an exceptional sentence. We agree. We reverse and remand for sentencing within the standard range unless the trial court can find other reasons to impose an exceptional sentence.

## FACTS

On July 5, 1987, defendant, Ronald Ray Pennington, robbed a gas station attendant at knife point. Subsequently, he was apprehended and confessed that he purchased drugs with the stolen money to supply a fix for his girl friend. Report of Proceedings, at 7. On April 26, 1988, defendant pleaded guilty to a charge of first degree robbery.

The defendant submitted a report prepared by Treatment Alternatives to Street Crime (TASC). This report diagnosed Pennington as "late stage chemically dependent." Clerk's Papers, at 19. Symptoms of this diagnosis include: family history of drug use, intensified use, peer use, attempts to control and relapse, seeking help, changes in use patterns, physical and psychological addiction, and continued use despite adverse consequences in all life areas. The prognosis for Pennington was "guarded given the severity and duration of his [drug] use history and his lack of prior treatment." The report concluded that Pennington "appears [to be] sincere in his desire to abandon his drug filled lifestyle." Further, the report indicates that if he completes a long–term residential treatment program "his chances of recovery should increase and his likelihood of reoffense lessen." Clerk's Papers, at 19.

As Pennington had no countable prior convictions, the standard sentence range for first degree robbery is 31 to 41

608

months. *See* RCW 9.94A.310, .320. The trial judge found that a standard range sentence would not provide treatment for Pennington's drug problem. He therefore declared an exceptional sentence based on findings that the defendant had a drug dependency problem.

He sentenced defendant to 41 months, and provided that he serve 12 months in jail and that the remainder of the sentence be suspended. After serving 12 months he was to be given 6 months' inpatient drug treatment. He also ordered the defendant to serve 24 months of community supervision at the termination of all jail and inpatient programs. Finally, he ordered the defendant to pay restitution of approximately $550 plus court costs.

### ANALYSIS

The trial court may impose an exceptional sentence if it finds, "considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.120(2). If such a sentence is imposed, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law. A sentence outside the standard range shall be a determinate sentence." RCW 9.94A.120(3).

An exceptional sentence is subject to appeal. RCW 9.94A.210(4) provides the standards for appellate review, it provides:

> To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

The first determination, under subsection (a), is whether the trial court's reasons for imposing an exceptional sentence are supported by the record. This is a factual inquiry and the trial court's findings will be upheld unless they are clearly erroneous. *State v. Nordby,* 106 Wn.2d 514, 517–18, 723 P.2d 1117 (1986).

Here, the trial court made the following findings: (1) Pennington pleaded guilty to first degree robbery; (2) he was diagnosed as chemically dependent; (3) Pennington's dependency on drugs substantially contributed to his commission of his offense; (4) given Pennington's criminal history and serious drug dependency, incarceration would not prevent the commission of further crimes unless he receives adequate treatment for his drug problem; (5) a standard range would not provide any drug treatment for the defendant; and (6) society would be better protected if the defendant was placed in an inpatient rehabilitation program.

We hold that findings of fact 3, 4, and 6 are not supported by the record. With respect to finding of fact 3, the record only establishes that the defendant stole the money to satisfy his girl friend's drug dependency. Therefore, it was not the defendant's drug dependency that contributed to the commission of the crime. In regard to finding of fact 4, there is no evidence that treatment for defendant's drug problem would prevent the commission of further crimes. At most, the record establishes that if defendant receives treatment, "his chances of recovery should increase and his likelihood of reoffense [will] lessen." Clerk's Papers, at 19. In any event, prognosis is guarded given the severity and duration of his drug use history. Finally, finding of fact 6 that "[s]ociety would be better protected by placing [defendant] . . . in an in–patient rehabilitation program . . ." is a legal conclusion, and not a finding of fact. *State v. McAlpin,* 108 Wn.2d 458, 465 n.1, 740 P.2d 824 (1987). In sum, we reverse the trial court's findings of fact 3, 4, and 6 as clearly erroneous.

Next we must independently determine, as a matter of law, whether the trial court's findings justify an exceptional sentence. *Nordby,* at 518. The reasons must be "substantial and compelling". RCW 9.94A.120(2).

The State objected to the trial court's justification for an exceptional sentence. The trial court responded that *State v. Bernhard,* 108 Wn.2d 527, 741 P.2d 1 (1987) gave it the

requisite authority to order such a sentence. This case, however, can be easily distinguished. While the trial court's findings are nearly identical to the ones listed in *Bernhard,* the findings there were not challenged. Presumably, there was supporting evidence to support all the findings in *Bernhard.* Here, as discussed above, findings of fact 3, 4 and 6 are mere conjecture; there is no evidence supporting these findings. Therefore, we must determine whether the trial court's findings of fact 1, 2 and 5 justify an exceptional sentence.

The issue, then, is whether or not a drug or alcohol problem, in and of itself, considering the purposes of the SRA, is a "substantial and compelling" justification for an exceptional sentence.

An exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category. D. Boerner, *Sentencing in Washington* § 9.6, at 9–13 (1985); *Nordby,* at 520. The fact that the defendant had a drug problem is not exceptional. As the prosecutor pointed out in his colloquy with the trial judge:

> Probably almost every robber that is in jail, probably well over two–thirds of the burglars and well over half of everybody else that's in that jail—Walla Walla, Shelton, Monroe and every other prison in these United States has a drug or alcohol problem of some kind.
>
> . . .
>
> I would suggest to the Court that if we are going to be consistent in all these cases; that every person gets up and says, "I have a drug problem," can we deny him an exceptional sentence? That's a Pandora's box that's perhaps been opened here.
>
> I think the record is not adequate as it now sits to show there's something compelling and unusual about this particular defendant as opposed to everybody that walks in here with a drug and alcohol problem.

Report of Proceedings, at 21–22.

We must also consider the purpose of the SRA to determine whether a reason is substantial and compelling. "The

first and overriding principle shaping the Act is retribution, or just deserts." D. Boerner, *Sentencing in Washington* § 2.5, at 2–31 (1985). This court has also assessed the paramount purpose of the SRA to be punishment. *State v. Rice,* 98 Wn.2d 384, 393, 655 P.2d 1145 (1982). The first three stated purposes of the SRA are articulations of principles of punishment:

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
> (2) Promote respect for the law by providing punishment which is just;
> (3) Be commensurate with the punishment imposed on others committing similar offenses;

RCW 9.94A.010.

If each time a defendant claims he has a drug problem the trial court imposes an exceptional sentence, we would not be ensuring that punishment for a criminal offense is proportionate to the seriousness of the offense or that it is commensurate with the punishment imposed on others committing similar offenses.

Upon considering public policy and the purpose of this chapter, we hold, as a matter of law, that a drug or alcohol problem in and of itself is not a substantial or compelling reason justifying imposition of an exceptional sentence.

We find that an exceptional sentence was not justified, and therefore we need not address whether the trial court had the power, under an exceptional sentence, to suspend part of the defendant's sentence.

## CONCLUSION

With one exception the trial court's findings for imposing an exceptional sentence are not supported by the record. A finding that the defendant is a drug addict does not justify a sentence outside the standard range. Otherwise, the purposes of punishment would be undermined whenever a defendant claimed he had a drug problem.

We reverse the trial court and remand for sentencing within the standard range unless other compelling reasons

not heretofore claimed can be demonstrated to justify imposition of an exceptional sentence.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.