[No. 26056-1-I.   Division One.   September 9, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. RONALD
ENDRIK LAIK, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Donald Raz,
Deputy,* for appellant.

*Eric Broman* of *Washington Appellate Defender Association,* for respondent.

PEKELIS, J. — The State contends that the trial court
erred in imposing an exceptional sentence of 18 months'

in-house drug treatment rather than 31 months' confinement on Ronald Endrik Laik.

I

On December 29, 1989, Ronald Endrik Laik pleaded guilty to the State's charge that on October 15, 1989, he delivered heroin to a Seattle police officer in violation of the Uniform Controlled Substances Act, RCW 69.50-.401(a).

Under the Sentencing Reform Act of 1981 (SRA), Laik had a presumptive sentencing range of 31 to 41 months. The State recommended 31 months of confinement in the custody of the Department of Corrections, followed by community placement. Laik requested 18 months of inpatient treatment at Genesis House, followed by 12 months of outpatient treatment.

The trial court sentenced Laik to 18 months in the Genesis House program and 24 months of community supervision following his release. In support of its exceptional sentence the trial court entered numerous findings of fact, including: Laik was a long-term heroin addict and physical and emotional pain compelled him to support his habit; Laik committed his current offense while under the influence of heroin and in order to recoup money to purchase additional drugs; Laik had been previously incarcerated for drug-related crimes; unless Laik received adequate drug treatment he would continue to commit crimes to satisfy his addiction; and, Laik would not receive sufficient drug treatment if incarcerated.

The trial court concluded that these findings constituted "substantial and compelling reasons justifying a sentence outside the standard range," and that "[i]n light of Mr. Laik's drug addiction, society will be better protected if he is placed in a long-term inpatient drug treatment program."

The State appeals.

## II

The State first contends that the trial court's findings do not constitute "substantial and compelling" reasons for granting Laik an exceptional sentence. The State also asserts that Laik should serve his sentence in the custody of the Department of Corrections, not at an in-house treatment facility. We agree.[1]

In reviewing a sentence outside the standard range, this court must determine, as a matter of law, whether the trial court's reasons are "substantial and compelling" in light of the SRA's goals. RCW 9.94A.120(2); *State v. Pascal*, 108 Wn.2d 125, 135-36, 736 P.2d 1065 (1987). The goals of the SRA include:

> to ensure that the punishment for an offense is proportionate to the seriousness of the offense and the offender's criminal history; promote respect for the law by providing punishment that is just; be commensurate with the punishment imposed on others committing similar offenses; protect the public; offer the offender an opportunity to improve him or herself; and make frugal use of the State's resources.[2]

*State v. Estrella*, 115 Wn.2d 350, 357, 798 P.2d 289 (1990).

In *State v. Pennington*, 112 Wn.2d 606, 607, 772 P.2d 1009 (1989) the Supreme Court held that the fact that Pennington was a drug addict and that a standard range sentence would not provide drug treatment did not justify an exceptional sentence. The court observed that if every

---

[1]The State also contends that several of the trial court's findings of fact are not supported by substantial evidence. Because we hold that the trial court's reasons for imposing an exceptional sentence are not "substantial and compelling", we need not address this argument.

[2]Laik asserts that because uncontested findings of fact establish that Laik is a drug addict, his addiction is *involuntary* and his addiction drives him to use drugs, the record supports a statutory mitigating factor, *i.e.*, that Laik could not "conform his conduct to the requirements of the law." Thus, Laik argues, a nonstandard sentence was justified as a matter of law. *See* RCW 9.94A.390; *State v. Nelson*, 108 Wn.2d 491, 498-99, 740 P.2d 835 (1987). Because the trial court neither made a finding on this mitigating factor nor concluded that it justified an exceptional sentence, we reject Laik's argument. *See State v. Hobbs*, 60 Wn. App. 19, 25-26, 801 P.2d 1028 (1990), *review denied*, 116 Wn.2d 1022 (1991).

defendant who claimed he had a drug problem received an exceptional sentence, "we would not be ensuring that punishment for a criminal offense is proportionate to the seriousness of the offense or that it is commensurate with the punishment imposed on others committing similar offenses." *Pennington*, 112 Wn.2d at 611.

Similarly, in *State v. Estrella, supra,* the Supreme Court held that neither the fact that Estrella had never received assistance in obtaining employment nor the fact that Estrella was willing to obtain treatment justified an exceptional sentence. 115 Wn.2d at 353. The court noted that the circumstances of Estrella's crime did not distinguish it from other crimes and that it was not extraordinary that Estrella had trouble finding a job after leaving prison. The court also concluded that Estrella's sentence was inconsistent with the SRA's primary purpose of punishment. *Estrella*, 115 Wn.2d at 359-60.

In a case similar to the one before us, this court recently reversed a trial court's imposition of a sentence requiring 18 months' in-house drug rehabilitation rather than a standard range sentence of 43 to 57 months' confinement. *See State v. Harper,* 62 Wn. App. 69, 813 P.2d 593 (1991). Relying on the purposes of the SRA and the reasoning of *Pennington* and *Estrella,* we explicitly rejected the trial court's determination that "a history of crimes committed to feed a drug habit coupled with a finding of an amenability to treatment justifies an exceptional sentence." *Harper*, at 72.

Here too, we conclude that the trial court erred in imposing an exceptional sentence of 18 months' in-house drug treatment. The fact that Laik is a drug addict and that, despite incarceration, he continues to commit crimes to support his addiction is not extraordinary. Further, nothing distinguishes Laik's drug delivery from numerous other drug deliveries. Thus, the reasons cited by the trial court do not constitute the substantial and compelling reasons which must exist to support a sentence below the presumptive range.

The State also contends that the trial court lacked authority to order Laik to serve his sentence in an inpatient treatment program rather than in the custody of the Department of Corrections. Laik responds that his sentence is appropriate under an expanded reading of *State v. Bernhard*, 108 Wn.2d 527, 741 P.2d 1 (1987).

In *Bernhard*, the Supreme Court held that when a defendant is sentenced to confinement of 1 year or less, the trial court has the authority to select the county facility which best suits the defendant. 108 Wn.2d at 531-32. Here, because Laik's sentence exceeded 1 year, the SRA's community supervision provisions do not apply. RCW 9.94A.383; *Harper*, at 74-75. Moreover, except in the case of first-time offenders and certain sex offenders, there is no authority in the SRA for a trial court to sentence a defendant to a rehabilitative program. RCW 9.94A.120(5)(b), 7(a)(ii).

Thus, consistent with post-*Bernhard* cases which have considered the same argument made here, we reject Laik's contention. *See, e.g., Harper; State v. Skillman*, 60 Wn. App. 837, 809 P.2d 756 (1991); *In re Chatman*, 59 Wn. App. 258, 796 P.2d 755 (1990).

In sum, Laik's sentence is not authorized under the SRA. Neither Laik's drug addiction nor the adequacy of the drug treatment he will receive in prison constitutes substantial and compelling reasons to impose an exceptional sentence. Although the trial court's rationale for imposing an exceptional sentence may reflect the better public policy, in enacting the SRA the Legislature unequivocally rejected this approach to sentencing. As we recently observed, "[o]ur responsibility is to apply the SRA as written." *Harper*, at 79.

Accordingly, we reverse and remand.

BAKER and KENNEDY, JJ., concur.

Review denied at 118 Wn.2d 1011 (1992).