[No. 26354-4-I.   Division One.   December 5, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. MICHAEL MONTEZ WILEY, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for appellant.

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for respondent.

AGID, J. — The State appeals the trial court's exceptional sentence below the standard range. We affirm.

Michael Montez Wiley, a/k/a Gregory Montez Lewis,[1] pleaded guilty to delivering cocaine to an undercover police officer in violation of the Uniform Controlled Substances Act (UCSA), RCW 69.50. At the sentencing hearing, the State indicated that the standard-range sentence for the defendant's violation was 31 to 41 months' confinement. The State recommended a sentence of 31 months' confinement, the low end of the standard range. In accordance with Lewis' request and on the basis of a report from a counselor at Treatment Alternatives to Street Crime (TASC) and trial testimony, the trial court imposed an exceptional sentence of 12 months of confinement and 12 months of community supervision. As a condition of his sentence, the defendant was ordered to complete 9 to 12 months in a drug treatment program at Genesis House upon release from confinement. The State did not object to the sentence at the hearing.

---

[1]Because the defendant is referred to throughout the record as Gregory Lewis, this opinion so refers to him.

The State contends that the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, does not authorize the trial court to order participation in a drug treatment program when the standard range exceeds 1 year. Lewis contends that the State may not now challenge the trial court's exceptional sentence because it failed to raise any objection to it at the sentencing hearing. We agree, and therefore do not reach the State's arguments on the merits.

■ Issues raised for the first time on appeal ordinarily will not be considered. *State v. Anderson*, 58 Wn. App. 107, 110, 791 P.2d 547 (1990). When the alleged error is that the trial court exceeded its statutory authority by imposing a sentence that is contrary to law, however, the issue may be raised on appeal for the first time. *Anderson*, 58 Wn. App. at 110; *State v. Loux*, 69 Wn.2d 855, 420 P.2d 693 (1966), *cert. denied*, 386 U.S. 997 (1967). The rationale is that a trial court exceeds its jurisdiction when it imposes a sentence contrary to law, *State v. Sargent*, 36 Wn. App. 463, 464, 674 P.2d 1268 (1984); *State v. Silvernail*, 25 Wn. App. 185, 193, 605 P.2d 1279, *review denied*, 93 Wn.2d 1021, *cert. denied*, 449 U.S. 843 (1980), and a party can assert for the first time on appeal the lack of trial court jurisdiction. *Anderson*, 58 Wn. App. at 110; RAP 2.5(a)(1).

■ We conclude that the trial court did not exceed its statutory authority, and thus the alleged error is not jurisdictional. RCW 9.94A.383 provides:

> On all *sentences* of confinement for one year or less, the court may impose up to one year of community supervision. An offender shall be on community supervision as of the date of sentencing. However, during the time for which the offender is in total or partial confinement pursuant to the sentence or a violation of the sentence, the period of community supervision shall toll.

(Italics ours.) In this case, the trial court sentenced the defendant to 12 months' confinement. It is irrelevant what the standard range was. The statute refers not to the standard range but to the sentence imposed by the court. It

therefore was authorized under RCW 9.94A.383 to impose, as it did, an additional term of community supervision of up to 12 months. Because the trial court did not act in excess of its jurisdiction under the SRA, we hold that the State was required to object to the exceptional sentence in the trial court in order to preserve the alleged error for appeal.[2]

We see no reason why the State should not be bound by the same rules which would require the defendant to object below in order to preserve a sentencing error for review. *See Anderson*, 58 Wn. App. at 110; RAP 2.5(a). The policy underlying RAP 2.5(a) is to promote the efficient use of judicial resources. This goal is frustrated when the trial court is not given an opportunity to correct alleged errors and thereby avoid an appeal and a consequent new hearing or trial. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). When, as here, the State consents by acquiescence or otherwise, the appellate court has nothing to review unless the sentence is in excess of the trial court's jurisdiction. Because the trial court did not exceed its jurisdiction conferred by RCW 9.94A.383, the error was not preserved and the sentence must be affirmed.

GROSSE, C.J., and PEKELIS, J., concur.

---

[2]We express no opinion on whether, under *State v. Harper*, 62 Wn. App. 69, 813 P.2d 593 (1991) and *State v. Laik*, 62 Wn. App. 734, 815 P.2d 822 (1991), the trial court's reasons for imposing an exceptional sentence were substantial and compelling enough to justify an exceptional sentence. The question presented here, whether the challenge to the trial court's imposition of an exceptional sentence was of a jurisdictional nature, was not at issue in *Harper* and *Laik*. Thus, those cases are not on point. In any event, *Harper* and *Laik* are distinguishable from the present case both because the community supervision imposed in those cases exceeded 1 year and because no jail time was imposed, thus violating the proportionality principle of RCW 9.94A.010(3).