**FILED**
**FEBRUARY 19, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31351-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS NATHAN CALDWELL, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Thomas Nathan Caldwell pleaded guilty to assault of a child in the second degree. As part of his sentence, the trial court ordered restitution, 18 months of community custody, and entered lifetime no-contact orders in favor of the victim's mother and the victim, Mr. Caldwell's infant daughter. On appeal, Mr. Caldwell challenges the imposition of restitution, the lifetime no-contact orders, and the term of his community custody. We remand for the sentencing court to vacate the lifetime no-contact orders, to amend the judgment and sentence to limit the no-contact orders to 10 years, and to correct the ordered restitution, if warranted. We affirm the 18-month community custody term.

FACTS

On November 26, 2012, Thomas Caldwell entered an *Alford*[1] plea to second degree assault of a child. In his written statement on plea of guilty, Mr. Caldwell stipulated that the court could rely on police reports and the certificate of probable cause to establish a factual basis for the plea. The certificate described that Mr. Caldwell's nine-month-old daughter, S.H., sustained seven broken ribs. Neither Mr. Caldwell nor the baby's mother, Amber Dublinski, could explain the injuries. In a subsequent interview, Mr. Caldwell claimed he had come home drunk and tripped and fallen on the baby. Expert opinion was that the injuries were the result of the baby being shaken and squeezed. Nevertheless, despite the obvious injuries to his daughter, Mr. Caldwell did not seek emergency medical attention for her.

At sentencing, the court imposed legal financial obligations (LFOs), including $54.80 restitution to be paid to the prosecuting attorney's office. The court also imposed 18 months of community custody and lifetime no-contact orders prohibiting contact with Ms. Dublinski and S.H. In appendices, the court entered permanent domestic violence protection orders. Boilerplate language in both orders stated: "If the duration of this order exceeds one year, the court finds that an order of less than one year will be insufficient to

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

prevent further acts of domestic violence." Clerk's Papers (CP) at 50, 52.

Mr. Caldwell appeals, assigning error to the court's imposition of restitution, the lifetime no-contact orders, and the term of community custody.

ANALYSIS

A.    *Whether the sentencing court erred in entering restitution*

For the first time on appeal, Mr. Caldwell contends the trial court erred in imposing $54.80 restitution to be paid to the prosecutor's office. He contends that RCW 9.94A.753(3)[2] limits restitution to victims and complains that the record does not reflect the reason for imposition of the restitution. The State responds that the court's characterization of the $54.80 as restitution is a typographical error, and that we should remand for the trial court to assess the amount as a witness service fee, i.e., a cost, not restitution.

The problem in addressing this issue is that Mr. Caldwell did not object to the order of restitution below. He signed the judgment and sentence and raised no objection at sentencing when the court ordered that he pay restitution to the prosecuting attorney's office. This failure to object deprived the trial court of any opportunity to correct the

---

[2] RCW 9.94A.753(3) provides in part that restitution pursuant to a criminal conviction shall be for "injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting for injury."

alleged error and to create a record that would permit meaningful appellate review. *State v. Moen*, 129 Wn.2d 535, 547, 919 P.2d 69 (1996); *see also State v. Danis*, 64 Wn. App. 814, 822-23, 826 P.2d 1096 (1992) (refusing to address restitution issue in absence of objection made at sentencing, stating "with no objection the court had no reason to spell out the basis of the order"). Furthermore, Mr. Caldwell's failure to object to the restitution amount constitutes acknowledgement or agreement to the amount. *State v. Ryan*, 78 Wn. App. 758, 762, 899 P.2d 825 (1995). Nevertheless, in light of the State's position, we deem that the appropriate remedy is to remand this issue to the trial court so the judgment and sentence might be corrected, if warranted.

B.     *Whether the sentencing court erred in entering lifetime no-contact orders*

Mr. Caldwell next assigns error to the lifetime duration of the no-contact orders imposed in this case. Specifically, he argues the court exceeded its statutory authority under the Sentencing Reform Act (SRA), chapter 9.94A RCW, by imposing no-contact orders that exceeded the 10-year maximum penalty for second degree assault of a child, a class B felony. Although Mr. Caldwell did not object below, in general, a defendant does not waive a challenge to the legality of sentencing conditions by failing to object. *State v. Armstrong*, 91 Wn. App. 635, 638, 959 P.2d 1128 (1998).

4

A trial court's sentencing authority is limited to that expressly found in the statutes. *In re Postsentence Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). A court abuses its discretion if, when imposing a crime-related prohibition, it applies the wrong legal standard. *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007).

RCW 9.94A.505(8) permits a court to enforce crime-related prohibitions as part of any sentence. A "crime-related prohibition" is a court order "prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). A no-contact order is a crime-related prohibition. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 376, 229 P.3d 686 (2010). The statutory maximum for Mr. Caldwell's underlying offense, a class B felony, is 10 years. RCW 9A.20.021(1)(b). In this particular case, therefore, the maximum operative length of a no-contact order imposed pursuant to RCW 9.94A.505(8) is 10 years. *See Rainey*, 168 Wn.2d at 375 (noting that the maximum operative length of a no-contact order is the statutory maximum for the defendant's crime).

The State argues that RCW 9A.20.021 is inapplicable and that the court had independent authority under chapter 26.50 RCW, a civil statute, to enter permanent domestic violence no-contact orders. It argues, "[w]hile a violation of the order [after its maximum operative length] would no longer be a violation of the criminal judgment, the

victims will still be under the protection of the permanent civil order until there is an action to terminate or modify the order." Br. of Resp't at 5.

The State's reliance on chapter 26.50 RCW, Washington's Domestic Violence Protection Act (the Act) is misplaced. The Act creates an action known as a "petition for an order for protection in cases of domestic violence." RCW 26.50.030. The petition must be accompanied by a sworn affidavit setting forth the facts supporting the request for relief. RCW 26.50.020(1); RCW 26.50.030(1). The court must then order a hearing and the respondent must be served no less than five days before the hearing. RCW 26.50.050. The legislature has authorized courts to enter a permanent order of protection upon a finding that "the respondent is likely to resume acts of domestic violence against the petitioner or the petitioner's family . . . when the order expires." RCW 26.50.060(2).

Here, although the court's domestic violence protection order forms cite RCW 26.50.030 and contain boilerplate language that "an order of less than one year will be insufficient to prevent further acts of domestic violence," neither the State nor the victims followed any of the requisite statutory procedures, nor did the court explain why a permanent order was necessary to prevent future acts of domestic violence. In fact, the court provided no reason for the duration of the orders. In the absence of following the

No. 31351-4-III
*State v. Caldwell*

Act's statutory procedures, the State cannot bootstrap chapter 26.50 RCW into a sentencing hearing and bypass the otherwise maximum operative length of a no-contact order. Because the procedures of chapter 26.50 RCW were not followed, we remand to the sentencing court with instructions that it vacate both domestic violence protection orders, and enter appropriate no-contact orders under RCW 9.94A.505(8) not exceeding 10 years.[3]

C.      *Whether the sentencing court erred in ordering 18 months of community custody*

Mr. Caldwell next contends that his term of community custody should be modified because of ambiguity in the community custody statute, RCW 9.94A.701. He maintains that the statute is ambiguous because more than one section of RCW 9.94A.701 controls the length of his community custody term. Specifically, because assault of a child in the second degree is both a violent offense and a crime against a person, his sentence falls under the statutory provisions for violent offenses, RCW 9.94A.701(2), and for crimes against persons, RCW 9.94A.701(3)(a). Mr. Caldwell invokes the rule of

---

[3] The State admits that the no-contact order entered pursuant to RCW 9.94A.505(8) may not be enforced beyond its maximum operative length. Nevertheless, an order that on its face extends beyond this maximum length risks a later unlawful arrest. Mr. Caldwell should not be in jeopardy of an unlawful arrest. Therefore, we deem it prudent for the sentencing court to amend the judgment and sentence in this regard. Nothing in this opinion prohibits the mother, personally and on behalf of her daughter, from following the procedures set forth in chapter 26.50 RCW and petitioning a

7

lenity, contending he should receive the lesser 12-month community custody term for crimes against persons.

A sentence imposed contrary to the law may be raised for the first time on appeal. *State v. Anderson*, 58 Wn. App. 107, 110, 791 P.2d 547 (1990). On appeal, a defendant may challenge a sentence imposed in excess of statutory authority because "a defendant cannot agree to punishment in excess of that which the Legislature has established." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). "Questions of statutory interpretation are questions of law subject to de novo review." *State v. Franklin*, 172 Wn.2d 831, 835, 263 P.3d 585 (2011).

When interpreting the meaning and purpose of a statute, the objective of the court is to determine the intent of the legislature. *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 283 (2005)). Effect is to be given to the plain meaning of the statute when the plain meaning can be determined from the text of the statute. *Id.* The statute is to be read as a whole, with consideration given to all statutory provisions in relation to one another and with each provision given effect. *State v. Merritt*, 91 Wn. App. 969, 973, 961 P.2d 958 (1998).

---

court for permanent protection orders.

The rule of lenity applies to the SRA and it requires that, where a statutory provision remains ambiguous after we exhaust all means of attempting to ascertain the legislature's intent, we interpret the statute in the manner favorable to the defendant. *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991).

RCW 9.94A.701 provides in relevant part:

> (2) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.
> (3) A court shall, in addition to other terms of the sentence, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for
> (a) Any crime against persons under RCW 9.94A.411(2).

Admittedly, assault of a child in the second degree is both a "violent offense" under RCW 9.94A.030(54)(ix) and an offense against a person under RCW 9.94A.411(2). However, if we were to hold that the one-year community custody term of RCW 9.94A.701(3)(a) applies to all crimes against persons—even violent offenses—RCW 9.94A.701(2) would be rendered meaningless. The legislature clearly intended those who commit violent offenses to receive a longer term of community custody than those who commit less violent crimes against persons. We, therefore, reject Mr. Caldwell's arguments. The sentencing court correctly imposed 18 months of community custody upon Mr. Caldwell.

No. 31351-4-III
*State v. Caldwell*

In conclusion, we remand for the sentencing court to (1) vacate the two domestic violence no-contact orders, (2) amend the judgment and sentence to limit the no-contact orders to no more than 10 years, and (3) correct the award of restitution, if warranted.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____         _____
Brown, A.C.J.                            Korsmo, J.

10