[No. 29958-1-I.    Division One.    July 19, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. LISA ANN HODGES, *Respondent.*

---

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Jessica Ryan* of *Washington Appellate Defender Association,* for respondent.

COLEMAN, J. — The State of Washington appeals an exceptional sentence below the standard range imposed on Lisa Hodges following her conviction at a stipulated trial for one count of possession of a controlled substance with intent to deliver. The State argues that the record fails to support the reasons given for the exceptional sentence, that the reasons given for the exceptional sentence do not justify a departure from the standard sentencing range, and that the sentence imposed on Hodges is clearly too lenient. We reverse.

The Everett Police arrested Hodges in September 1990 for selling cocaine out of her home. At the time of her arrest, Hodges told the police that a man identified as "Hector" supplied her with 1-ounce packages of cocaine which she roughly divided into quarter-ounce packages for resale and that she herself did not use cocaine.

Hodges was charged with one count of possession of a controlled substance with intent to deliver, of which she was found guilty following a stipulated trial in November 1991. At sentencing, the trial court deviated downward from the standard range of 21 to 27 months for her offense and imposed an exceptional sentence of 80 days' confinement, of which 50 days were converted into 400 hours of community service, and further ordered 24 months of supervision. The findings in support of the exceptional sentence were that (1) Hodges has extraordinary community support, (2) she has made extraordinary efforts at self-improvement, (3) she was selling drugs not to support her own addiction but because she saw it as a way to help "put food on the table", and (4) Hodges is an exceptional mother, and there was a need to prevent irreparable harm to her relationship with her children.

The sole issue on appeal is whether the exceptional sentence below the standard range was properly imposed. Appellate review of an exceptional sentence involves three determinations.[1] First, the appellate court determines whether the trial court's reasons for imposing an exceptional sentence are supported by the record. This is a factual inquiry and the trial court's findings will be upheld unless they are clearly erroneous. *State v. Allert*, 117 Wn.2d 156, 163-64, 815 P.2d 752 (1991); RCW 9.94A.210(4)(a). Second, the reviewing court determines, "as a 'matter of law' ", whether the trial court's reasons justify an exceptional sentence. *Allert*, at 163 (quoting *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986)); RCW 9.94A.210(4)(a). Third, the reviewing court must determine whether the trial court abused its discretion and imposed a sentence which was "clearly excessive" or "clearly too lenient". *Allert*, at 163; RCW 9.94A.210(4)(b).

---

[1] RCW 9.94A.210(4) provides:

"To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient."

■ The reasons given for an exceptional sentence must be substantial and compelling. *Allert*, at 164. The trial court's subjective determination that the standard ranges set by the Sentencing Reform Act of 1981 (SRA) are unwise or that they do not adequately advance the goals of the SRA is not a substantial and compelling reason justifying the imposition of an exceptional sentence. *Allert*, at 169; *State v. Pascal*, 108 Wn.2d 125, 137-38, 736 P.2d 1065 (1987). An exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category. *State v. Pennington*, 112 Wn.2d 606, 610, 772 P.2d 1009 (1989). Finally, the SRA's sentencing guidelines must be applied "equally to offenders in all parts of the state, without discrimination as to any element that does not relate to the crime or the previous record of the defendant." RCW 9.94A-.340.

■ In this case, Hodges cites the "need to put food on the table" as a crime-related factor warranting the imposition of an exceptional sentence.[2] Inasmuch as Hodges' cocaine sales were ongoing, however, she fails to show any special urgency about her situation at the time of her arrest that might warrant the finding of a mitigating circumstance. Furthermore, public policy considerations dictate that a defendant's decision to rely on unlawful means to generate income simply cannot function as a permissible crime-related mitigating factor. We therefore conclude that the fact that Hodges was living on public assistance and perceived selling drugs as a way to put more food on the table is not, as a matter of law, a substantial and compelling reason justifying the imposition of an exceptional sentence.

■ Hodges additionally relies on *State v. Friederich-Tibbets*, 70 Wn. App. 93, 853 P.2d 457 (1993), in support of the

---

[2]The trial court did not specifically comment on this factor, which is contained in the "Reasons for Exceptional Sentence" in a quote from one of Hodges' therapists. It is apparent from a reading of the Reasons for Exceptional Sentence that, in justifying its sentence, the trial court relied primarily on factors relating to Hodges' self-improvement, her background, and her relationship to her children, all of which are nonoffense-related considerations.

exceptional sentence. There, a panel of this court held that a trial court has discretion to impose an exceptional sentence below the standard range, even though crime-related factors are not present, when doing so advances particular goals of the SRA.[3] In so concluding, the majority observed "there is no authority supporting the trial court's finding that departure is warranted only if objective factors common to the crime (as opposed to subjective factors relative to a particular defendant) are present." *Friederich-Tibbets*,. at 98 n.2. However, cases decided by our Supreme Court indicate otherwise. Both *State v. Pascal, supra* at 137-38 (findings which are not crime related do not, standing alone, justify an exceptional sentence) and *State v. Pennington, supra* at 611 (a defendant's drug or alcohol problem by itself is not a substantial or compelling reason justifying an exceptional sentence) require the presence of at least one crime-related factor before subjective factors relative to a particular defendant may be considered. The majority does not cite *Pascal* or *Pennington*, and a review of the appellate briefs indicates that neither case was cited to the panel. Because the majority did not consider *Pascal* and *Pennington*, the holding in *Friederich-Tibbets* is of questionable precedential value. Moreover, we are persuaded by Judge Forrest's dissent wherein he concludes that the Legislature did not intend to authorize sentences below the standard range based on factors that do not relate to the nature of the crime and the degree of the defendant's participation. Thus, we decline to follow *Friederich-Tibbets'* rationale. We note also that the panel declined to follow *Friederich-Tibbets* in *State v. Alexander*, 70 Wn. App. 608, 854 P.2d 1105 (1993).

The courts of this state have consistently declined to impose exceptional sentences below the standard range in the

---

[3] In that case the court listed the purposes of the SRA stated in RCW 9.94A.010 and held: "In light of the . . . fifth and sixth stated purposes of the SRA ["(5) *Offer the offender an opportunity to improve him or herself; and (6) Make frugal use of the state's resources.*"], we find that the trial court erroneously concluded that it did not, as a matter of law, have discretion to find there were substantial and compelling reasons to impose an exceptional sentence downward." *Friederich-Tibbets*, at 96-97.

absence of factors or circumstances related to the defendant's commission of a crime that make the commission of the crime less egregious. The fact that Hodges enjoys community support, has taken great strides toward self-improvement, and is needed by her children does not in any way distinguish her possession and delivery of cocaine.[4] Therefore, we hold that no substantial and compelling reasons justifying the imposition of an exceptional sentence below the standard range were shown in this case.

The judgment and sentence of the trial court are reversed, and we remand for sentencing within the standard range.

FORREST and AGID, JJ., concur.

Review denied at 124 Wn.2d 1013 (1994).

---

[4]It is apparent that the trial court entertained doubts concerning its legal authority to impose the exceptional sentence. The trial judge noted that "we're not on the firmest ground that we would like to be, that there is a real possibility I could get overturned on appeal", and that it was "on thin ice in this case." Clearly, there was logic and compassion in the sentencing approach taken by the trial judge. However, until the Legislature authorizes the use of nonoffense-related factors, such factors cannot be relied upon to justify an exceptional sentence.