[No. 13645-1-III.    Division Three.    October 11, 1994.]

THE STATE OF WASHINGTON, *Appellant*, v. TAMARA MARIE AMO, *Respondent*.

*Donald C. Brockett, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Paul J. Wasson*, for respondent.

SWEENEY, J. — ██ ██ Tamara Marie Amo was charged with forgery, taking a motor vehicle and residential burglary.[1] While in custody, she gave birth to a son. Based on an offender score of 9, the standard range sentence for the offenses was 22 to 29 months. The court imposed an exceptional sentence below the standard range of 12 months, concluding that a downward sentence would avoid termination of her parental rights and was in the best interest of her son. It also determined an exceptional sentence was justified because Ms. Amo was a drug addict and needed drug and

---

[1]As a result of the plea negotiations, the charge of residential burglary was reduced to second degree theft.

alcohol rehabilitation. The State contends the court's reasons for imposing the exceptional sentence are insufficient. We agree and reverse.

To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

RCW 9.94A.210(4). We must therefore determine whether, as a matter of law, the stated reasons justify the exceptional sentence.[2] *State v. Estrella*, 115 Wn.2d 350, 355, 798 P.2d 289 (1990). The reasons must be substantial and compelling and must distinguish the defendant's *crime* from others in the same category. *State v. Gaines*, 122 Wn.2d 502, 509, 859 P.2d 36 (1993).

The sentencing court here concluded that substantial and compelling reasons justified a sentence below the standard range because

## I.

A standard range sentence would not promote the State's interest in both punishing the defendant and rehabilitating her to prevent her commission of offenses in the future. . . .

## II.

A sentence below the standard range . . . ensures that the punishment for this offense is proportionate to the seriousness of the offense and the defendant's criminal history as the standard range is 22-29 months (15 months with good time). The sentence imposed is only three months less than that which defendant would have actually served in prison.

## III.

A sentence below the standard range . . . will promote respect for the law by providing punishment which is just while also serving to prevent recidivism and termination of defendant's parental rights and foster care/adoption involving her newborn son. . . .

## IV.

A sentence below the standard range . . . is commensurate with the punishment imposed on others committing similar offenses for the same reasons set forth in section II, above.

---

[2]Because we hold that the sentencing court's reasons for imposing an exceptional sentence are not sufficient, we do not address the State's argument that several of the findings of fact are not supported by the record.

## V.

A sentence below the standard range . . . would serve to protect the public as defendant's chances for recidivism are high . . .

## VI.

A sentence below the standard range . . . would offer the offender [the] opportunity to improve herself . . .

## VII.

A sentence within the standard range would not make frugal use of the State's resources . . .

## VIII.

A sentence below the standard range . . . is in the best interest of defendant's newborn child.

The State contends that neither Ms. Amo's need for drug and alcohol rehabilitation nor the needs of her child are legally sufficient to justify a downward sentence. Given the purpose and language of the Sentencing Reform Act of 1981 (SRA) and subsequent judicial pronouncements on the issue, we are constrained to agree.

Drug Addiction/Substance Abuse.[3] The sentencing court here imposed the downward sentence in reliance on *State v. Gaines*, 65 Wn. App. 790, 830 P.2d 367 (1992), *rev'd*, 122 Wn.2d 502, 859 P.2d 36 (1993). Subsequent to Ms. Amo's sentencing, however, the Supreme Court reversed *Gaines* concluding that "[d]rug addiction and its causal role in an addict's offense may not serve to justify a durational departure from a standard range sentence." *Gaines*, 122 Wn.2d at 509.

Similarly, in *State v. Allert*, 117 Wn.2d 156, 164, 815 P.2d 752 (1991), the court held that "[a]lcoholism is not in and of itself a reason justifying imposition of an exceptional sentence." The *Allert* court further noted that "a defendant's chemical dependency problem is not a factor which can be relied upon as justifying a durational departure." *Allert*, at 166-67 (citing *State v. Gardner*, 328 N.W.2d 159, 162 (Minn. 1983)); *State v. Hutsell*, 120 Wn.2d 913, 845 P.2d 1325 (1993) (regardless of whether the defendant suffers from drug addiction, RCW 9.94A.390(1)(e) excludes consideration of the unforced use of drugs).

---

[3]The sentencing court found that Ms. Amo is "addicted to drugs and alcohol and her prior and current criminal activity is directly related to her addiction and substance abuse dependency."

■ Ms. Amo's drug addiction unfortunately is not a legally sufficient reason to impose an exceptional sentence below the standard range.

Rehabilitation. The sentencing court also based its sentencing decision on Ms. Amo's need for rehabilitation.

The presumptive standard ranges reflect legislative judgment as to how best to structure a sentencing system. *Gaines*, 122 Wn.2d at 513. A "sentencing court's determination that a standard range term would not advance rehabilitative goals or would not protect the public is not adequate to justify departure from the normal sentence range." *Gaines*, 122 Wn.2d at 513. *See also State v. Harper*, 62 Wn. App. 69, 813 P.2d 593 (1991) (court rejects argument that treating an addict's drug habit is better social policy than incarceration), *review denied*, 118 Wn.2d 1017 (1992).

■ Accordingly, the sentencing court's determination that a standard range sentence would not advance Ms. Amo's need for rehabilitation is not a sufficient reason to depart from the standard range.

Parental Rights. The primary reason given by the court in this case to justify the exceptional sentence was Ms. Amo's relationship with her newborn son.[4] The court concluded that if she received a prison term of 22 to 29 months her parental rights would be terminated.

In *State v. Hodges*, 70 Wn. App. 621, 855 P.2d 291 (1993), *review denied*, 124 Wn.2d 1013 (1994), the defendant was convicted of possession of a controlled substance with intent to deliver. The sentencing court imposed a sentence below the standard range based on its finding that the defendant had extraordinary community support, had made efforts at self-improvement, was an excellent mother and was selling drugs only to "put food on the table". *Hodges*, at 623.

Division One of this court reversed, concluding that the reasons were not substantial and compelling. In doing so, it noted the sales of cocaine were ongoing and the defendant

---

[4]At oral argument, this court was informed that the son is presently in foster care.

had failed to show any special urgency about her situation which might warrant a finding of mitigating circumstances. "[T]he fact that [the defendant] . . . perceived selling drugs as a way to put more food on the table is not, as a matter of law, a substantial and compelling reason justifying the imposition of an exceptional sentence." *Hodges*, at 624. The court further noted that our courts have

> consistently declined to impose exceptional sentences below the standard range in the absence of factors or circumstances related to the defendant's commission of a crime that make the commission of the crime less egregious. The fact that [the defendant] enjoys community support, has taken great strides toward self-improvement, and *is needed by her children* does not in any way distinguish her possession and delivery of cocaine.

(Italics ours.) *Hodges*, at 625-26.

■ The birth of Ms. Amo's son while she was in custody does not make the commission of her three crimes any less offensive. Although she may be needed by the child, her offenses are not distinguished from other thefts, forgeries and vehicle takings. But again, legislative constraints on judicial discretion through the vehicle of the SRA results in a decision which, while correct on the law, benefits neither society nor Ms. Amo.

The judgment and sentence of the trial court are reversed and the case remanded for resentencing within the standard range.

THOMPSON, C.J., and MUNSON, J., concur.