# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46421-7-II |
| Appellant, | |
| v. | |
| RODREA VONSHON BRADLEY, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. − Rodrea Bradley was convicted of first degree escape, and the trial court imposed an exceptional sentence below the standard range. The State appeals Bradley's exceptional sentence, assigning error to three of the trial court's findings of fact and two of the trial court's conclusions of law relating to the sentence. Specifically, the State argues that the trial court erred in relying on reasons already encompassed by the purposes of the Sentencing Reform Act (SRA), chapter 9.94A RCW, to justify Bradley's downward exceptional sentence.

We hold that (1) the State waived its assignment of error that the record did not support findings of fact 3, 4, and 5 because the State failed to present argument in its brief on these assignments, (2) findings of fact 3 and 4 provide adequate legal justification to support the trial court's imposition of Bradley's downward exceptional sentence, and (3) although finding of fact 5 would be invalid as a stand-alone reason for imposing the exceptional sentence because it relates to the SRA's purposes, we interpret that finding as merely providing support for the exceptional sentence. Accordingly, we affirm Bradley's exceptional sentence.

FACTS

In December 2013, the trial court ordered Bradley to serve a sentence for a conviction for attempted unlawful possession of a controlled substance at the Alternative to Confinement Program (ATC) in Pierce County. The ATC program permitted Bradley to serve his sentence outside confinement, but the program imposed certain reporting obligations and requirements. Bradley started the program on January 2, 2014, but failed to report or comply with any of the program's requirements after that date. Bradley was convicted of first degree escape based on his failure to report to the ATC program.

At sentencing, the parties agreed that Bradley's offender score was 10, and that his standard sentence range was 63 to 84 months. Bradley requested a downward exceptional sentence. He argued that his ability to conform his conduct to the requirements of the law was significantly impaired because he had been evicted from his residence, did not have access to transportation to report to the ATC program, was unemployed with no income, was the sole provider for his two minor daughters, and spent his time attempting to find safe and stable housing for his family. In addition, Bradley argued that his conduct fell at the low end of the offending behavior that was contemplated by the first degree escape statute. The State argued that Bradley should be sentenced to the low end of the standard range.

The trial court made the following findings of fact:

(3) The defendant's ability to conform his conduct to the requirements of the law, [sic] was significantly impaired due to uncontrollable circumstances that he was presented with upon his initial release into the ATC program.
(4) The defendant's offending conduct falls at the low end of the range of offending behavior contemplated by the escape first degree statute.
(5) The standard range for Defendant's conviction would result in a sentence much too long for his actual conduct, would not be a just but overly harsh result, would not make wise use of the State's resources[,] and would not promote respect for Pierce County's system of justice.

Clerk's Papers (CP) at 49.  The trial court entered the following conclusions of law:

> (1) The court concludes that the foregoing mitigating factors constitute substantial and compelling reasons to justify an exceptional sentence BELOW the standard range in this case.
> (2) The underlying purposes of the SRA would be furthered by the imposition of a downward departure in this case, ie [sic] punishment proportionate to the seriousness of the crime.
> (3) The defendant RODREA BRADLEY shall be sentenced to an exceptional sentence – downward departure of 14 months in the Department of Corrections with [credit for time served of] 43 days.  All other conditions of the sentence are outlined in the Judgment and Sentence issued under this cause.
> (4) A 63 month sentence is too excessive for the offending conduct committed. The public would still be protected by an exceptional sentence, downward departure.

CP at 49-50.

The trial court sentenced Bradley to 14 months in confinement, which was well below the standard sentence range.  The State appeals Bradley's sentence.

## ANALYSIS

A.    LEGAL PRINCIPLES

Under RCW 9.94A.535, a trial court "may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of [the SRA], that there are substantial and compelling reasons justifying an exceptional sentence."  The legislature enacted the exceptional sentence provision of the SRA to authorize courts to tailor the sentence to the facts of the case, recognizing that not all individual cases fit the predetermined sentencing grid. *State v. Davis*, 146 Wn. App. 714, 719-20, 192 P.3d 29 (2008).

RCW 9.94A.535(1) provides a list of mitigating factors that can support a trial court's imposition of an exceptional sentence below the standard range if established by a preponderance of the evidence.  The statute states that the factors are "illustrative only and are not intended to be exclusive reasons for exceptional sentences."  RCW 9.94A.535(1).  However,

nonstatutory factors supporting an exceptional below-range sentence must "relate to the crime, the defendant's culpability for the crime, or the past criminal record of the defendant." *State v. Law*, 154 Wn.2d 85, 89, 110 P.3d 717 (2005).

Under RCW 9.94A.585(4), to reverse an exceptional sentence a reviewing court must find:

> (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

The standard of review is different for each of these three reasons. A reviewing court applies (1) a clearly erroneous standard for whether there is insufficient evidence in the record to support the reasons for imposing an exceptional sentence, (2) a de novo standard for whether the reasons supplied by the sentencing court do not justify a departure from the standard range, and (3) an abuse of discretion standard for whether the sentence is clearly excessive or clearly too lenient. *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013).

B.     WAIVER OF CHALLENGE TO FINDINGS OF FACT

The trial court stated its reasons for imposing an exceptional sentence in findings of fact 3, 4, and 5. The State assigns error to these findings of fact, and apparently claims that there is insufficient evidence in the record to support these reasons. We hold that the State waived its assignments of error to the trial court's findings of fact because the State failed to present any argument regarding these assignments and therefore we treat the trial court's findings of fact as verities on appeal.

A party that offers no argument in its opening brief on an assignment of error to a finding of fact waives the assignment of error. *State v. Radcliffe*, 139 Wn. App. 214, 220, 159 P.3d 486 (2007). And we treat waived findings of fact as verities on appeal. *See State v. Alexander*, 125

4

Wn.2d 717, 723, 888 P.2d 1169 (1995) (because State failed to properly contest findings of fact, they were treated as verities on appeal).

As stated above, one basis for reversing an exceptional sentence is that the record does not support the reasons supplied by the sentencing court. RCW 9.94A.585(4). We apply a clearly erroneous standard of review for this basis. *France*, 176 Wn. App. at 469. The State's assignment of error to findings of fact 3, 4, and 5 – the trial court's reasons for imposing the exceptional sentence – apparently relates to this basis.

However, the State fails to provide any argument that the record does not support findings of fact 3, 4, and 5. The State's only reference to the evidentiary support for any of these findings comes in the last paragraph of the argument section of its brief. In discussing finding of fact 3, the State asserts that "a review of the record shows there is no support for such a finding." Br. of Appellant at 15. But the State fails to actually argue *why* the record does not support finding of fact 3. In fact, the State never refers to the record or to the clearly erroneous standard of review. Further, the State never even mentions findings of fact 4 and 5 in the argument section of its brief.

The State does provide some argument regarding finding of fact 3. The State argues that the trial court did not *actually* rely on finding of fact 3 in imposing the exceptional sentence, but instead relied on other improper factors. However, this argument (discussed below) does not address whether the record supports finding of fact 3. Instead, the argument seems to relate to the second basis for reversing an exceptional sentence: whether the trial court's reasons justify a sentence outside the standard sentence range.

Because the States provides no meaningful argument that the record does not support findings of fact 3, 4, and 5, we hold that the State waived its challenge to these findings of fact. Therefore, we treat findings of fact 3, 4, and 5 as verities on appeal.[1]

C.     REASONS JUSTIFYING AN EXCEPTIONAL SENTENCE

The State argues that the trial court's reasons for Bradley's exceptional sentence do not justify a sentence outside the standard range for first degree escape. We disagree.

1.    Legal Analysis

A second basis for reversing an exceptional sentence is that the trial court's reasons for imposing an exceptional sentence do not support that sentence. RCW 9.94A.585(4). We apply a de novo standard of review for this basis. *France*, 176 Wn. App. at 469.

As stated above, RCW 9.94A.535(1) provides a non-exclusive, "illustrative" list of mitigating factors that can support a trial court's imposition of an exceptional sentence below the standard range if established by a preponderance of the evidence. Reliance on one of the statutory factors supports an exceptional sentence as a matter of law.

Because RCW 9.94A.535(1) expressly states that the list of mitigating factors is not intended to be exclusive, trial courts also can rely on nonstatutory mitigating factors. *See Law*, 154 Wn.2d at 94. To determine whether a factor legally supports departure from the standard sentencing range, we apply a two-part test. *State v. O'Dell*, 183 Wn.2d 680, 690, 358 P.3d 359

---

[1] In addition, the State failed to provide an adequate record on review. The record suggests that the trial court relied on the trial evidence to make its findings. However, on appeal the State did not designate for the record a transcript of Bradley's trial. Without that record, we cannot determine whether or not the evidence supported the trial court's findings of fact. If an appellant fails to provide an adequate record to review findings of fact, those findings are treated as verities and are binding on the appellate court. *Morris v. Woodside*, 101 Wn.2d 812, 815, 682 P.2d 905 (1984).

(2015). First, the legislature must not have necessarily considered the factor when it established the standard sentencing range. *Id.* Second, the factor must be sufficiently substantial and compelling to distinguish the defendant's crime from others in the same category. *Id.*

The purposes of the SRA are factors necessarily considered by the legislature in establishing the standard sentencing range.[2] *Law*, 154 Wn.2d at 95. Therefore, the SRA's stated purposes, standing alone, cannot justify a downward exceptional sentence. *Id.* at 96. Further, the trial court's subjective determination that the standard sentencing range is unwise or does not advance the SRA's purposes is not a substantial and compelling reason to depart from the standard range. *Id.*

### 2. Capacity to Conform Conduct to the Law

One of the statutory mitigating factors that supports a downward exceptional sentence is that "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired." RCW 9.94A.535(1)(e). The trial court relied on this factor for imposing Bradley's exceptional sentence as stated in finding of fact 3: "The defendant's ability to conform his conduct to the

---

[2] The SRA identifies seven purposes for determining standard range sentences:

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
> (2) Promote respect for the law by providing punishment which is just;
> (3) Be commensurate with the punishment imposed on others committing similar offenses;
> (4) Protect the public;
> (5) Offer the offender an opportunity to improve himself or herself;
> (6) Make frugal use of the state's and local governments' resources; and
> (7) Reduce the risk of reoffending by offenders in the community.

RCW 9.94A.010.

requirements of the law, [sic] was significantly impaired due to uncontrollable circumstances that he was presented with upon his initial release into the ATC program." CP at 49. The trial court's reliance on the factor stated in RCW 9.94A.535(1)(e) supports an exceptional sentence as a matter of law.

However, the State argues that finding of fact 3 does not support the exceptional sentence because the trial court did not actually rely on this factor. Based on the trial court's comments at the sentencing hearing,[3] the State argues that "the trial court viewed [the] defendant's inability to comply with the ATC rules as excuses, not circumstances beyond his control as the findings of fact would like to make it appear." Br. of Appellant at 14. The State argues that the trial court's real reason for imposing the exceptional sentence was its disagreement with the presumptive sentencing range. The State points to the trial court's statement that "63 months in prison, I think, for what he did is way out of line. It isn't a just punishment. It's very harsh." Report of Proceedings (RP) at 16.

The State's argument seems to assume that the trial court's oral statements should prevail over its written findings of fact and conclusions of law. The law is the opposite. A trial court's oral opinion has no final or binding effect unless formally incorporated into written findings, conclusions, and judgment. *State v. Friedlund*, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015). To the extent that the trial court's oral ruling conflicts with its written order, the written order

---

[3] At the sentencing hearing, the trial court questioned Bradley's asserted reasons for his inability to comply with the law and concluded, "[I]t makes it a little hard to warm up to his excuses, frankly." RP at 9.

controls.[4] *State v. Skuza*, 156 Wn. App. 886, 898, 235 P.3d 842 (2010). Similarly, where written findings are unambiguous, they are not susceptible to being given a different meaning on appeal through resort to an examination of the lower court's oral ruling. *State v. A.M.*, 163 Wn. App. 414, 424, 260 P.3d 229 (2011).

Here, the trial court's finding of fact 3 clearly and unambiguously states that one reason for the trial court's exceptional sentence was that Bradley's ability to conform his conduct to the requirements of the law was significantly impaired due to uncontrollable circumstances. Therefore, whether the trial court's oral ruling was inconsistent with finding of fact 3 is immaterial.[5]

We hold that because finding of fact 3 is based on the statutory factor stated in RCW 9.94A.535(1)(e) that finding supports an exceptional sentence as a matter of law.

3. Conduct at Low End of Range of Offending Behavior

In finding of fact 4, the trial court stated a nonstatutory reason for imposing the exceptional sentence: "The defendant's offending conduct falls at the low end of the range of offending behavior contemplated by the escape first degree statute." CP at 49. In the trial court, Bradley argued that this factor was supported by *Alexander*, 125 Wn.2d 717. In *Alexander*, the Supreme Court held that the small amount of the controlled substance possessed and the defendant's low level of involvement in the crime were valid nonstatutory factors. *Id.* at 726-29; *see also State v. Hodges*, 70 Wn. App. 621, 625-26, 855 P.2d 291 (1993) (a below range

---

[4] This is particularly true in the context of an exceptional sentence, because RCW 9.94A.535 requires a trial court to set forth the reasons for an exceptional sentence in written findings of fact and conclusions of law. *See Friedlund*, 182 Wn.2d at 394.

[5] In addition, there is a portion of the trial court's oral ruling that appears consistent with finding of fact 3.

sentence should be justified by "factors or circumstances related to the defendant's commission of a crime that make the commission of the crime less egregious").

We need not address whether finding of fact 4 states a valid reason for imposing an exceptional sentence because the State never argues that this reason is invalid. In fact, the State never mentions finding of fact 4 in the argument section of its brief. Therefore, the State has waived any argument that finding of fact 4 does not state a valid reason for imposing an exceptional sentence. *State v. Miller*, 181 Wn. App. 201, 219, 324 P.3d 791, *review granted*, 182 Wn.2d 1028 (2015). Accordingly, we hold that finding of fact 4 supports the trial court's imposition of an exceptional sentence.

4. SRA Purposes

In finding of fact 5, the trial court stated a number of the SRA's purposes for imposing the exceptional sentence: "The standard range for Defendant's conviction would result in a sentence much too long for his actual conduct, would not be a just but overly harsh result, would not make wise use of the State's resources[,] and would not promote respect for Pierce County's system of justice." CP at 49. The trial court's first stated reason – that Bradley's sentence would be too long for his conduct – seems to echo the first stated purposes of the SRA: that "the punishment for a criminal offense is proportionate to the seriousness of the offense." RCW 9.94A.010(1). Similarly, providing a just punishment, making frugal use of government resources, and promoting respect for the law are all purposes identified by the SRA for determining standard range sentences. RCW 9.94A.010(2), (6).

The trial court's conclusions of law also expressly reference the SRA's purposes.

(2) The underlying purposes of the SRA would be furthered by the imposition of a downward departure in this case, ie [sic] punishment proportionate to the seriousness of the crime.

> . . . .
>
> (4) A 63 month sentence is too excessive for the offending conduct committed. The public would still be protected by an exceptional sentence, downward departure.

CP at 49-50. Protection of the public is one of the SRA's stated purposes. RCW 9.94A.010(4).

As noted above, the SRA's stated purposes, standing alone, cannot justify a downward exceptional sentence. *Law*, 154 Wn.2d at 96. However, once a trial court identifies a valid mitigating factor justifying the imposition of an exceptional sentence, the trial court may consider the SRA's enumerated purposes in fashioning an appropriate exceptional sentence. *Alexander*, 125 Wn.2d at 730. In other words, the SRA's purposes "may provide support for the imposition of an exceptional sentence once a mitigating circumstance has been identified by the trial court." *Id.* at 730 n.22. This approach is consistent with RCW 9.94A.535, which states that a trial court "may impose a sentence outside the standard sentence range for an offense if it finds, *considering the purposes of [the SRA]*, that there are substantial and compelling reasons justifying an exceptional sentence." (Emphasis added.)

We interpret finding of fact 5 and the related conclusions of law as providing support for the exceptional sentence rather than providing a stand-alone reason for imposing an exceptional sentence. Under this interpretation, the trial court's consideration of the SRA's purposes in conjunction with its valid reasons for imposing the exceptional sentence was appropriate. Therefore, we hold that finding of fact 5 does not represent an invalid basis for imposing an exceptional sentence.

Findings of fact 3 and 4 support the trial court's imposition of an exceptional sentence, and finding of fact 5 provides additional support for the exceptional sentence. Accordingly, we affirm Bradley's exceptional sentence.

No. 46421-7-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

JOHANSON, C.J.