**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Appellant,<br><br>　　v.<br><br>ANTHONY SEAN PELUSO,<br><br>　　　　　　　Respondent. | DIVISION ONE<br><br>No. 82695-6-I (consol. with<br>No. 82696-4-I and No. 82697-2-I)<br><br><br>PUBLISHED OPINION |

DWYER, J. — The State appeals parenting sentencing alternatives imposed on Anthony Peluso for six offenses, which took place before and shortly after the birth of his daughter. The State contends that Peluso was not statutorily eligible for the parenting sentencing alternative for any of the offenses at the time of sentencing. We agree that Peluso was not eligible for a parenting sentencing alternative with regard to four of the six offenses, and remand for resentencing.

I

Anthony Peluso pleaded guilty to six offenses: possession of a stolen vehicle, three counts of theft of a motor vehicle, escape in the second degree, and attempting to elude. These offenses took place between August 1, 2019 and November 26, 2020.

Between these dates, two events significant to this case occurred. In June 2020, an amended version of RCW 9.94A.655, which authorizes alternative

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

sentencing for parents under certain circumstances, came into effect. And on October 11, 2020, Peluso's daughter was born. She was six weeks premature, with a birth weight of 3 pounds, 10 ounces, and she tested positive for amphetamine at birth.

At the time of Peluso's daughter's birth, Peluso was in jail on the possession of a stolen vehicle and theft of motor vehicle charges. The latest of Peluso's offenses occurred when Peluso was temporarily released from jail to visit his newborn daughter in the neonatal intensive care unit (NICU) of a local hospital. Peluso failed to return to jail after visiting his daughter. Five days later, police officers attempted to stop Peluso, who was driving. He did not stop until he lost control of the vehicle and crashed. These behaviors resulted in the escape and attempting to elude charges.

After Peluso had returned to custody, Peluso's daughter was released from the NICU into shelter care while her mother addressed her own parental deficiencies. Peluso was screened by the Department of Corrections (DOC) as a candidate for a parenting sentencing alternative. DOC produced a risk assessment. This assessment indicated that Peluso had endured a difficult upbringing and had been a drug user since his early teens. It also indicated that he understood that the parenting program would require that he address his substance abuse disorder and that he was willing to do so. The DOC assessment also included a family impact statement, which opined that if Peluso went to prison, his daughter would remain in foster care, and that the parenting sentencing alternative would better serve the family.

No. 82695-6-I/3

A report from the Department of Children, Youth, and Families (DCYF) indicated that it recommended a drug and alcohol evaluation, a mental health assessment, and a parenting class, as Peluso had never parented before.  The social worker also noted that Peluso had been using a video service to visit with his daughter from jail and that he had been sending the caseworker drawings he had made for her to give to his child.

While jailed, Peluso sought a drug and alcohol evaluation from Evergreen Recovery Center.  Following the evaluation, he received a bed date of May 13, 2021 for a month at an inpatient rehabilitation facility.

Peluso was sentenced on May 11, 2021.  He requested a parenting sentencing alternative on all counts consisting of 12 months of community custody, with intensive programming and numerous conditions.  His counsel explained that

> Mr. Peluso getting this sentencing alternative is his daughter's best chance at remaining with her biological family and maintaining that tie.  It is Mr. Peluso's best chance at staying in his daughter's life, which is something that has been his great motivator to change everything, to change everything with regard to his mental health, to change everything with regard to his substance use disorder, to change everything with how he's planning to live and what he's planning to do.  His daughter has been his guiding light, and it has been incredible to watch.  Additionally, Mr. Peluso and his daughter have American Indian ancestry; so [the Department of Children, Youth, and Families] is even more motivated to reunify the family.

Peluso addressed the court himself, explaining that

> I'm here to ask for the help because I finally am serious about it. I have a beautiful six-month-old daughter that is depending on me to get it together.

3

Notwithstanding the fact that both DOC and DCYF supported Peluso's request, the State opposed the parenting sentencing alternative request and, instead, recommended the imposition of a standard range sentence of 51 months of incarceration, with the various counts running concurrently. The State argued that Peluso was unlikely to succeed as a father based on his criminal history and that he did not have physical custody of his daughter and was therefore not eligible to receive the alternative sentence.

The sentencing court imposed the parenting sentencing alternative that Peluso requested.

Two quarterly reports from DOC indicate that Peluso is complying with all requirements and is increasingly responsible for his daughter's care. In September 2021, Peluso's case manager reported that he had been attending treatment, was taking a parenting class, and had moved from supervised visitation with his daughter to unsupervised visitation. In December 2021, Peluso's case manager reported that he was continuing his substance abuse recovery care, had completed the parenting class, and was on a waitlist for a mental healthcare provider. Furthermore, the case manager reported that DCYF had returned Peluso's daughter to his custody on a trial basis. The case manager went on to observe that

> [t]his is the best Mr. Peluso has ever done while on supervision with the Department of Corrections. It is the first time he has completed programming that is required of him. He is a very attentive father with his daughter. You can clearly see the bond they have built since he has started with the [parenting sentencing alternative] program. . . .

4

No. 82695-6-I/5

> Mr. Peluso continues to be clean and sober first, and is learning, developing, and is utilizing skills to be a present and active parent. He is making decisions based on what is in the best interest for his daughter, which is essential in breaking the cycle.

The State appeals.

II

Whether the sentencing court had the authority, as to each current offense, to impose the parenting sentencing alternative under RCW 9.94A.655 is a question of statutory interpretation that we review de novo. State v. Mohamed, 187 Wn. App. 630, 645, 350 P.3d 671 (2015); accord State v. Williams, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003).

If a defendant is eligible for a parenting sentencing alternative and the sentencing court determines that the sentencing alternative is appropriate, the sentencing court "shall waive imposition of a sentence within the standard sentence range and impose a sentence consisting of twelve months of community custody." RCW 9.94A.655(5). Eligibility is based on the current offense, the defendant's criminal history, and the defendant's status as a parent. RCW 9.94A.655(1). Herein, it is undisputed that Peluso's current offenses and criminal history did not disqualify him from receiving the sentencing alternative. Rather, the State's contentions are that Peluso was not eligible as a parent under the statute.

A

The State first contends that Peluso was not eligible to receive a parenting sentencing alternative when sentenced for a possession of a stolen vehicle offense committed on August 1, 2019. We agree.

5

No. 82695-6-I/6

"[S]entencing courts must 'look to the statute in effect at the time [the defendant] committed the [current] crimes' when determining defendants' sentences." State v. Varga, 151 Wn.2d 179, 191, 86 P.3d 139 (2004) (alterations in original) (quoting State v. Delgado, 148 Wn.2d 723, 726, 63 P.3d 792 (2003)). The law in effect on August 1, 2019 provided that

> [a]n offender is eligible for the parenting sentencing alternative if: . . .
> . . . [t]he offender has physical custody of his or her minor child or is a legal guardian or custodian with physical custody of a child under the age of eighteen at the time of the current offense.

Former RCW 9.94A.655(1)(e) (2018).

At the time of this offense, Peluso did not have physical custody of his daughter. Indeed, she had not yet been born. Accordingly, he was not eligible to receive a parenting sentencing alternative when sentenced for this offense. The trial court erred by granting the parenting sentencing alternative on this conviction.

B

The State next contends that Peluso was not eligible to receive parenting sentencing alternatives for the three 2020 theft of a motor vehicle convictions. Again, we agree.

Between Peluso's 2019 offense and his 2020 theft of a motor vehicle offenses, the legislature amended the parenting alternative statute and broadened the eligibility criteria for the alternative. Under the amended statute,

> [a]n offender is eligible for the parenting sentencing alternative if: . . .
> . . . [t]he offender is:
> (i) A parent with physical custody of a minor child;

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

> (ii) An expectant parent;
> (iii) A legal guardian of a minor child; or
> (iv) A biological parent, adoptive parent, custodian, or stepparent with a proven, established, ongoing, and substantial relationship with a minor child that existed at the time of the offense.

RCW 9.94A.655(1)(e).

Peluso avers that he was eligible under the statute's expectant parent prong. However, although Peluso was an expectant parent at the time he committed the offenses, he was no longer an expectant parent at the time he was sentenced. This is because his daughter had been born in the interim. The plain language of the statute—"[a]n offender is eligible for the parenting sentencing alternative if . . . [t]he offender *is* . . . [a]n expectant parent"—indicates that to be eligible under the expectant parent prong, the defendant must be an expectant parent at the time of sentencing, rather than at the time of the offense. RCW 9.94A.655(1)(e)(ii) (emphasis added).

Nor did an alternative eligibility prong apply to Peluso. Peluso did not have custody of his daughter at the time of sentencing. Similarly, while at the time of sentencing he was a biological parent, he did not have a proven established, ongoing, and substantial relationship with his daughter at the time of the offenses because, at the time of the offenses, she had not yet been born.

Accordingly, at the time of sentencing, Peluso was not eligible for the parenting sentencing alternative under any of these options. The sentencing court erred by granting the parenting sentencing alternatives when sentencing for these convictions.

7

We note, however, that quarterly reports from DOC submitted by Peluso indicate that he has made substantial progress during the period since sentencing—in early November 2021, Peluso's daughter began living with him full time on a trial basis. If, at the time of resentencing, Peluso is his daughter's custodial parent, he will be eligible for the grant of parenting sentencing alternatives for the offenses that took place after the statutory amendment.

C

Finally, the State contends that Peluso was not eligible to receive parenting sentencing alternatives for the offenses that Peluso committed after his daughter's birth, escape and attempting to elude. We disagree.

These offenses occurred shortly after Peluso had met his newborn daughter—he was charged with escape after he failed to return to jail after spending the day with her at the hospital and attempting to elude when he was found five days later. While awaiting sentencing, Peluso continued to develop his relationship with his daughter by visiting by video conference and telephone and by sending her colored drawings. Based on these facts, the sentencing court was entitled to determine that, at the time of sentencing, Peluso had an established, ongoing, and substantial relationship that existed at the time of the offenses. The relationship began during Peluso's visit prior to the offenses, was ongoing through Peluso's efforts to visit from jail, and was substantial relative to the age of the child—Peluso's daughter was a few weeks old at the time of the offenses.

No. 82695-6-I/9

The trial court did not err by granting parenting sentencing alternatives when sentencing Peluso for the offenses he committed after his daughter's birth.

D

It is clear that, by granting the parenting sentencing alternatives to Peluso, the sentencing judge was attempting to act consistently with the legislature's intent in adopting and amending the pertinent alternative sentencing option. However, because of the presumption of concurrent sentences applicable to current offenses sentenced on the same day, State v. Thomas, 113 Wn. App. 755, 759, 54 P.3d 719 (2002), aff'd, 150 Wn.2d 666, 80 P.3d 168 (2003), the judge could not grant the sentencing alternative on any count unless it granted the alternative on all counts. Unquestionably, in good faith, the sentencing judge attempted to "shoehorn" the various counts into the statutory eligibility criteria. In this way, the sentencing judge attempted to give effect to the legislature's intent to preserve families, when possible and when public safety is not compromised. But, as explained, the statutory language could not accommodate the judge's desire.

A different way to do this might have been through resort to exceptional sentences—not to deem Peluso qualified for the alternative when the statute provided otherwise but, rather, to facilitate his receipt of an alternative sentence on those counts for which he was qualified. The use of exceptional sentences downward, credit for time served, and/or a mix of concurrent and consecutive sentences could, hypothetically, be a vehicle to accomplish this purpose.

9

No. 82695-6-I/10

Understandably, however, the sentencing court would have perceived itself blocked in such an attempt by existing case law. We take this opportunity to observe that some of these prior case holdings—in light of the legislature's decision to adopt the parenting sentencing alternative statute and then, later, reaffirm its intent by amending the statute to broaden its scope—may no longer be viable. This question awaits an answer on another day.

The opinions we reference include State v. Amo, 76 Wn. App. 129, 134, 882 P.2d 1188 (1994), and State v. Hodges, 70 Wn. App. 621, 623, 626, 855 P.2d 291 (1993), which held that a defendant's status as a parent could not serve as the basis for an exceptional sentence downward because it was not a circumstance related to the offense. Moreover, State v. Law, 154 Wn.2d 85, 102-03, 110 P.3d 717 (2005), which requires that the circumstance that provides a basis for an exceptional downward sentence must relate to the crime would be satisfied here because the *timing* of an offense is such a circumstance. And it is only the timing of the earlier offense(s) that precludes Peluso from being eligible on all counts.

E

At the time of sentencing, Peluso was eligible for the alternative sentences on the final two of his current offenses. He was not then eligible on the others.

Affirmed in part; reversed in part, and remanded for further proceedings.

_Dwyer, J._

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 82695-6-I/11

WE CONCUR:

Bruman, J    Andrus, C.J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

11