

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  37050-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELA LEE FRANKLIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — The State appeals an exceptional mitigated sentence imposed by

the sentencing court on Angela Franklin following her plea of guilty to one count of

unlawful possession of a controlled substance (methamphetamine), arguing that the court

lacked a valid basis for the sentence.  Because the error was invited, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Sixteen months after being charged with two counts of possession of a controlled

substance and one count of driving while license suspended, Angela Franklin was

brought before the Chelan County Superior Court for sentencing.  She had pleaded guilty

to one count of possession of a controlled substance (methamphetamine).  The parties

recommended a sentence of 6 months and 1 day and 12 months of supervision. The State

agreed Ms. Franklin could serve her sentence on work release.

Ms. Franklin told the court she had been clean and sober for 17 months, which the

court pointed out meant this was "a real old case." Report of Proceedings (RP) at 4. Ms.

Franklin expressed frustration that the charge had not been "tied together" with a separate

charge on which she had served 10 months, saying "it sucks that this is happening right

now because I'm in such a good place in my life. I'm definitely not where I was." RP at

5. Ms. Franklin told the court she had a part-time job at Olive Garden and her employer

was willing to employ her full-time when her work release started. When the court asked

how she had maintained her sobriety, Ms. Franklin said,

> A decision. I made the choice to. . . . I'm not going to be in that position
> anymore ever again. . . . [I]t's hard because it's like I'm doing everything
> I'm supposed to because I want to. It's my choice. It's not because I have
> to. It's I want to. And then this is just devastating.

RP at 6-7. Ms. Franklin said she was complying with the Department of Corrections

(DOC) supervision from a first degree felony escape conviction and a drug offender

sentencing alternative revocation.

The sentencing court asked the prosecutor "are there any options here available,

[prosecutor]? It seems a little—like we're coming in a little late." RP at 8. The

prosecutor replied, "I mean, I'm looking at it. And without possible reprisal from the

powers that be . . . with the offender score and . . . six [months] and a day, and I think that

that would be a really long time for somebody to do work crew. I mean, she wouldn't be able to work as much on top of that. And I don't know that electronic home monitoring would be more expensive if finances are a problem." RP at 8-9. The court said,

> Well, sometimes the way that our legal system is set up and the way circumstances happen to occur . . . a result . . . might not really reflect what's really an appropriate punishment. . . . And Ms. Franklin is—considering where she is in her life right now, in the Court's view, is getting hit kind of hard.
> And I'll hear argument on this in a minute, but the Court is dancing dangerously down this path is inclined to find some mitigating circumstances that would justify the Court in this particular case going below the standard range. The mitigating factors that the Court has in mind is—let me just get back to the police report—that at the time the State filed the charge, which was fairly promptly in time after the alleged occurrence, Ms. Franklin apparently was serving time; but she was not brought before this Court until just before apparently she was—or at the time that she was released from serving it which she reported a 10-month sentence.
> . . . .
> That since that time, she's been on DOC supervision successfully apparently as far as we know.
> . . . .
> That Ms. Franklin has been successful in her DOC supervision, that she is employed. And the sentence of six months plus a day, considering the nature of the crime here and all of these other factors, seems excessive to the Court.
> Ms. [Prosecutor], . . . you're the party that might want to challenge that. And I do this sort of very cautiously because I'm concerned about it wouldn't be the Court's intent to set a precedent of starting to disregard the standard sentence range.

RP 9-12. The prosecutor replied, "My read of 9.94A.535 does not say—it's not an exhaustive list, so . . . ." RP at 12. The court imposed a sentence of three months, "which for a simple possession is a decent length of sentence." *Id.*

3

The State prepared findings of fact and conclusions of law, telling the court it was "trying to get the language right . . . . Feel free to change it." RP at 14. The court said, "Only if Mr. Hershey[1] is going to appeal it." RP at 14-15. The court entered the State's proposed findings, which said:

- The defendant has been sober for 17 months
- The defendant is employed
- The length of time since the time of the crime + the circumstances since then have substantially changed.

Clerk's Papers at 32. The court added, "[I]mposition of the standard range is not in the interests of justice." *Id.* The court adopted the State's proposed conclusion of law, stating it found "compelling mitigation factors present + that they have been proven by a preponderance of the evidence." *Id.*

The State appeals.

## ANALYSIS

The State now contends the reasons provided by the trial court do not justify Ms. Franklin's exceptional sentence because they do not distinguish her crime from other crimes in the same category. It asks us to remand for resentencing. Of the several arguments Ms. Franklin makes in response, her argument of invited error is dispositive.

---

[1] Ms. Franklin notes Mr. Hershey is "presumably the chief criminal deputy." Br. of Resp't at 17.

4

The State may appeal a sentence in a criminal case that is outside the standard range for the offense.  RAP 2.2(b)(6).  And "established case law holds that illegal or erroneous sentences may be challenged for the first time on appeal."  *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).  "Recent decisions have clarified that the non-rule-based exception allowing review of unpreserved sentencing errors is limited by the concern for sentence conformity that is the basis for the exception."  *State v. Peters*, 10 Wn. App. 2d 574, 581, 455 P.3d 141 (2019).  Generally, "an exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category."  *State v. Pennington*, 112 Wn.2d 606, 610, 772 P.2d 1009 (1989).  Washington statutes do not authorize trial courts to impose an exceptional mitigated sentence on the basis that the presumptive range does not, in the court's opinion, adequately meet a defendant's personal circumstances.  *State v. Murray*, 128 Wn. App. 718, 725, 116 P.3d 1072 (2005).

Nonetheless, "a party may not materially contribute to an erroneous application of law at trial and then complain of it on appeal."  *Ames v. Ames*, 184 Wn. App. 826, 849, 340 P.3d 232 (2014).  A party may invite error by affirmatively assenting to it, materially contributing to it, or benefiting from it.  *State v. Momah*, 167 Wn.2d 140, 154, 217 P.3d 321 (2009).  The State identifies no basis on which its contribution to the court's error is excused.  Had the defense invited error, judicial review would be precluded even where a

constitutional issue was involved.  *State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151

(1979).

The sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.